UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NUMBER: 18-CR-00278 |
| | * | |
| VERSUS | * | JUDGE |
| | * | |
| RONALD W. ALLEN, JR. | * | MAGISTRATE JUDGE KAY |

**MEMORANDUM IN SUPPORT OF MOTION FOR
PROTECTIVE ORDER PURSUANT TO RULE 16(d)**

COMES NOW, the UNITED STATES OF AMERICA, through the undersigned Assistant United States Attorney, who respectfully moves this Honorable Court for a Protective Order, pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, and in support thereof, respectfully represents:

**I.**

In order to comply with its discovery and Jencks Act obligations, the government must provide evidence and discoverable material(s) that contains sensitive and personal identifying information (PII).

**II. Authority**

Rule 16(d)(1) of the Federal Criminal Procedure explicitly states that, "at any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief."  Fed. R. Crim. P. 16(d)(1).[1]  The Supreme counseled

---

[1] Given the nature of the relief requested, the government respectfully requests a deferral from the Court's Standing Discovery Order deadlines until the Court rules on this Motion.  *See* Fed. R. Crim. P. 16(d)(1).

long ago that "[t]he trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect." *Alderman v. United States*, 394 U.S. 165, 185 (1969); *see also United States v. Carriles*, 654 F. Supp. 2d 557, 566 (W.D. Tex. 2009) (citing *Alderman*). The party seeking the Protective Order "bears the burden of showing good cause." *Carriles*, at 565-66.

Additionally, when considering a protective order, a court "must consider whether the imposition of the protective order would prejudice the defendant." *Id.* at 566. Further, the Court, "should seek to ensure that disclosure of discovery materials to a defendant 'involve[s] a minimum hazard to others." *Id.* at 566; *see also Alderman*, at 185. Also, "[t]he good cause determination must also balance the public's interest in the information against the injuries that disclosure would cause." *Carriles*, at 566. The Fifth Circuit has held that discovery motions are matters committed to the sound discretion of the trial court and are reviewed only for abuse of discretion. *United States v. Stone*, 472 F.2d 909, 916 (5th Cir. 1973). Additionally, the Fifth Circuit has held that a district court's denial of a motion to modify a criminal protective order is reviewed for abuse of discretion. *See United States v. Morales*, 807 F.3d 717, 720 (5th Cir. 2015) (citing *United States v. Gurney*, 558 F.2d 1202, 1211 n. 15 *(*5th Cir. 1977*))*.

Certain discoverable and Jencks Act materials are sensitive and contain PII. The integrity of the government's investigative efforts and safety of the minor victim could be jeopardized if certain PII contained in the discovery materials were made

widely available. The government submits that these reasons constitute good cause to enter the proposed Protective Order. *See United States v. Nava-Salavar*, 30 F.3d 788, 800-801 (7th Cir. 1994). PII in this criminal matter is defined as information which can be used to distinguish or trace an individual's identity, such as their name, social security number, biometric records, etc., alone, or when combined with other personal or identifying information which is linked or linkable to a specific individual, such as a date and place of birth, mother's maiden name, bank account numbers, address, telephone number, location of employment, or other contact information. *See* Fed. R. Crim. P. 49.1.[2]

The Government respectfully submits that the proposed Protective Order best balances the desire to provide Counsel for the Defendant with discovery, while at the same time limiting dissemination of PII. In order to prevent unauthorized access and disclosure of discoverable material containing PII, the United States of America respectfully requests that:

Defense Counsel of Record shall maintain all discovery materials in this case that contain PII in a secure place in which no person who does not have reason to know their contents has access, and shall restrict viewing of discovery of materials in

---

2 *See also* 18 U.S.C. 1028(d)(7).
  The term "means of identification" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any –
  (A) name, social security number, date of birth, official State or government issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer identification number;
  (B) unique biometric data, such as fingerprint, voice print, retina or iris image, or other unique physical representation;
  (C) unique electronic identification number, address, or routing code; or
  (D) telecommunication identifying information or access device (as defined in section 1029(e).

this case containing PII only to the Defendant, Defense Counsel of Record, investigators of Defense Counsel of Record, and expert witnesses retained by Defense Counsel of Record. Defense Counsel of Record shall maintain possession of the original copy, or internal use duplicates, of PII materials provided by the United States in discovery as described above, at all times, in either his custody or in the custody of an authorized agent, support personnel or investigator working under his supervision, and shall be prohibited from providing or leaving said documents or information with the Defendant, his associates, or any witnesses.

Defense Counsel of Record shall be prohibited from making copies of any PII materials provided in discovery, except for internal use purposes.

Defense Counsel of Record shall be prohibited from discussing or otherwise communicating about any PII information contained therein to any persons other than his client, or other support personnel procured by Counsel for the Defendant, unless such discussions or communications with other persons are for the purpose of representing the Defendant in the captioned criminal matter.

At the conclusion of the case, including any appeals, Defense Counsel of Record shall securely destroy the originals and all copies of PII discovery materials and notify the Government and the Court of their compliance with the Order.

### III. Conclusion

WHEREFORE, the Government respectfully requests that the above described discoverable materials be protected from disclosure as requested until further ordered by this Court, and that the Court defer the discovery deadlines contained

within the Court's Pre-Trial Criminal Scheduling Order until the Court rules on the Government's Motion for Protective Order.

Respectfully submitted,

DAVID C. JOSEPH
United States Attorney

*s/ John Luke Walker*

By: _____
JOHN LUKE WALKER, La. Bar No. 18077
Assistant United States Attorney
800 Lafayette Street, Suite 2200
Lafayette, Louisiana 70501
Telephone: (337) 262-6618
