UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:18-CR-00278-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **RONALD W ALLEN JR (01)** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the Court is a "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (Doc. 173) wherein Defendant, Ronald W. Allen, Jr. moves to reverse his conviction, vacate his sentence, and be released from imprisonment. For the reasons that follow, the Motion will be denied and dismissed without prejudice for lack of jurisdiction.

## BACKGROUND

On October 11, 2018, a federal grand jury returned a two-count indictment charging Defendant, Allen with one count of aggravated sexual abuse of a child under 12 years old, in violation of 18 U.S.C. § 2241(c), and one count of sexual abuse of a minor or ward, in violation of 18 U.S.C. § 2243A(a)(1). Both counts were based on Allen's sexual abuse of "TA" at the Fort Polk military base in Louisiana. One count occurred during TA's first stay at Fort Polk before she turned 12 years old, and the second count covered sexual acts that occurred during TA's second stay at Fort Polk, beginning when she was 13 years old.

After a two-day jury trial, Allen was found guilty as to both counts. Allen filed a motion for new trial, which was subsequently denied. The Court also denied a motion for

reconsideration. Allen was sentenced to life imprisonment for count one, and 15 years imprisonment for count two, to run concurrently with the life sentence. The United States Court of Appeals for the Fifth Circuit affirmed his conviction.

On May 23, 2022, Allen filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255, which this Court denied. This Court and the Fifth Circuit Court of Appeals also denied certificates of appealability. Allen now files a successive § 2255 motion and raises the same issues he previously raised, which has been denied by this Court.

## LAW AND ANALYSIS

The United States maintains that this Court does not have jurisdiction to consider this motion, which is a second or successive § 2255 motion, for the defendant has not obtained a certificate from the United States Court of Appeals for the Fifth Circuit to file a successive § 2255 motion. (28 U.S.C. § 2255; 28 U.S.C. § 2244). *See United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000) (discussing "second or successive"); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (holding that district court did not have jurisdiction to consider successive Section 2255 absent authorization from court of appeals); *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999) (holding that § 2241 motion was a successive § 2255 motion which the district court did not have jurisdiction to consider without prior authorization from court of appeals).

The defendant must receive authorization from the Court of Appeals before he can file a successive § 2255 motion in the district court. *See* 28 U.S.C. §§ 2255(h), 2244(b)(3)(A); *In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2011) ("A prisoner must seek

authorization from this Court before a second or successive § 2255 motion may be filed in the district court."). Therefore, this motion to vacate a sentence under 28 U.S.C. § 2255 should be dismissed without prejudice. Accordingly,

**IT IS ORDERED** that the Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 173) is **DENIED AND DISMISSED WITHOUT PREJUDICE.**

**THUS DONE AND SIGNED** in Chambers on this 9th day of October, 2024.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**